```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**WESTFIELD INSURANCE CO.,**

      Plaintiff,

v.                                    Civil Action No. 2:14-18854

RECORDS IMAGING & STORAGE, INC.
and CAMDEN-CLARK MEMORIAL HOSPITAL CORP.,
and JAMES F. SMITH and JOHN E. SMITH
as co-executors and on behalf of
the estate of Donald E. Smith,

      Defendants.


<u>MEMORANDUM OPINION & ORDER</u>

Pending is a motion to "dismiss and/or stay" this action, filed by Records Imaging & Storage, Inc. ("RIS") on July 17, 2014.

I.

RIS and Camden-Clark Memorial Hospital ("CCMH") are defendants in a state-court class action currently pending in the Circuit Court of Wood County, West Virginia (the "underlying action"). <u>See</u> Compl. ¶¶ 8-9. The underlying action was instituted on behalf of the estate of Donald E. Smith and other similarly situated individuals who requested copies of medical records from CCMH. <u>Id.</u> The plaintiffs in the underlying action assert that RIS contracted with CCMH to produce copies of patients' medical records, and that CCMH and RIS charged

unreasonable fees to patients for those records.  Id. ¶¶ 8-19.

After the underlying action was filed, RIS presented a request to Westfield Insurance Co. ("Westfield") -- its insurer and the plaintiff in this case -- for a defense to the suit and indemnification.  Id. ¶ 20.  Around the same time, CCMH demanded a defense and indemnification from RIS.  Id. ¶¶ 21-23.  The basis for that latter request was an agreement between RIS and CCMH that required RIS to "indemnify and hold [CCMH] harmless from and against any and all actions . . . arising out of or related to any act or omission by RIS . . . with respect to the services rendered" by RIS to CCMH; that agreement also required RIS to maintain insurance policies naming CCMH as an additional insured.  Id. ¶ 24.

On June 19, 2014, Westfield commenced this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2012), seeking a declaration that it is not required to defend or indemnify RIS or CCMH in the underlying action.  Id. at Prayer for Relief (a)-(d).  Westfield asserts that its policy with RIS does not cover the claims alleged in the underlying action, id. ¶ 45, and maintains that CCMH is "not a named insured under" Westfield's policy with RIS, and "does not qualify as an additional insured," id. ¶ 49.

On July 17, 2014, RIS moved to dismiss or stay the

2

declaratory judgment action, asserting that it "intend[ed] to file a third-party complaint for declaratory relief against Westfield as well as against another of its insurers, Philadelphia [Indemnity] Insurance Company[ ("PIIC"),] . . . and seek complete relief from both its insurers in a single forum" in the underlying action.  Defendant's Motion to Dismiss and/or Stay ("Def.'s Mot.") at 1.  RIS argues that the court has the discretion to dismiss or stay this case if a parallel state court action would provide, among other things, a more convenient forum for resolving the pending coverage dispute.  Id. at 4-6.

      Westfield responded in opposition on July 31, 2014.  It asserted that dismissal or a stay was inappropriate as a matter of law, but also noted that the issue was largely academic given that, whatever RIS's intentions, it had not, at that point, initiated any parallel coverage action in state court.  Plaintiff's Response ("Pl.'s Resp.") at 6.  On August 11, 2014, RIS filed its reply, along with two attached documents.  The first attached document is an order entered on July 28, 2014 by Judge Reed of the Wood County Circuit Court, granting RIS leave to file a third-party complaint against Westfield and PIIC in the underlying action.  See RIS's Reply, Ex. A at 1-2.  The second is a copy of that third-party

complaint, filed on or around August 8, 2014, seeking a declaratory judgment that Westfield and PIIC are required to defend and indemnify RIS in the underlying action. Id. Ex. B ¶¶ 17-50.

CCMH, for its part, did not join in RIS's motion to dismiss or stay, and did not join RIS's third-party complaint for declaratory relief against Westfield and PIIC in the underlying action. Instead, on July 28, 2014, CCMH answered Westfield's complaint in this court, denying that Westfield is entitled to the requested declaratory relief.

## II.

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations" of parties to "a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201(a). As that language indicates, and as our court of appeals has often noted, the decision "to assert jurisdiction over declaratory judgment actions" is a discretionary one. United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998) (internal quotation marks and citation omitted). When exercising that discretion, "district courts must [] take into account 'considerations of federalism, efficiency, and comity,'"

if, as here, "a parallel proceeding is pending in state court[.]" See id. (quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)). Four factors guide the court's inquiry:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Id. (quoting Nautilus, 15 F.3d at 377); see also VRCompliance LLC v. HomeAway, Inc., 715 F.3d 570, 573-75 (4th Cir. 2013) (reciting and applying the Kapiloff/Nautilus factors).

The first and fourth factors weigh in favor of retaining jurisdiction. As for the first, there appears to be no particularly strong state interest in adjudicating the insurance coverage claim between RIS and Westfield in state court. See Great Am. Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006) ("[T]he questions of state law raised in the federal action are not difficult or problematic; instead, they involve the routine application of settled principles of insurance law to particular disputed facts."). Regarding the fourth factor, it does not appear that Westfield engaged in "procedural fencing" by "rac[ing] to federal court in an effort to get

5

certain issues that [we]re already pending before the state courts resolved first in a more favorable forum," id. at 211, as Westfield had not yet been joined in the underlying action by the time it initiated this suit. Nor does it appear that Westfield neglected to pursue less duplicative routes into federal court. Contra HomeAway, Inc., 715 F.3d at 572 (affirming district court's stay where "appellants had every opportunity to procure a federal forum by removing appellees' first-filed state suit rather than by bringing a separate federal action in an entirely separate federal district.").

On the other hand, the second and third factors weigh heavily in favor of a stay. Respecting the second, our court of appeals has explained that, "where two parallel suits are pending in state and federal court, the first suit should have priority, absent the showing of balance of convenience in favor of the second action." Id. at 574 (internal quotation marks and citation omitted). Although Westfield's federal declaratory judgment action was filed before Westfield and PIIC were added to the underlying dispute, the state-court action presents a more convenient vehicle for resolving the coverage dispute. The underlying action now includes all of the parties joined here, as well as PIIC, suggesting that the state court can completely resolve the question of RIS's coverage, as well as the merits of

6

the underlying dispute.  Cf. id. ("The Texas suit includes not only all the parties in the federal suit, but also CAST, thus promising a more comprehensive resolution.").  It is true, as noted, that CCMH did not join RIS's third-party complaint against Westfield and PIIC.  But so far as the pleadings in this court and the state court reveal, CCMH has never demanded a defense and indemnification from Westfield directly.  Presumably, then, the question of Westfield's duty to CCMH is dependent on (1) whether RIS is obligated to defend and indemnify CCMH, and, if so, (2) whether Westfield is obligated to cover any costs that RIS incurs in doing so.  The second question, in particular, depends entirely on the interpretation of Westfield's policy with RIS, and would therefore seem to present issues squarely raised by RIS's third-party declaratory complaint against Westfield in the underlying action.  Moreover, should it choose to do so, nothing would prevent Westfield from seeking clarification of its obligations to CCMH in the state-court action.  As a result, the state court can more comprehensively and more conveniently resolve the issues raised in this case.

As for the third factor, the "overlapping" -- indeed, identical -- legal question of RIS's coverage under the Westfield policy suggests that a stay is appropriate inasmuch as

7

any decision on that question by this court would likely bind the state court, and vice-versa. Either scenario is undesirable. Should the state court rule first, any efforts undertaken to resolve the dispute between RIS and Westfield in this case will have been in vain. On the other hand, a ruling by this court would result in "unnecessary entanglement" between the federal and state court systems, leaving the state court "with some parts of [its] case foreclosed from further examination but still other parts in need of full scale resolution." Nautilus, 15 F.3d at 379; see also HomeAway, Inc., 715 F.3d at 574-75 (noting that "such risk of entanglement is especially acute where the same issues being litigated in federal court 'are already being litigated by the same parties in the related state court action'" (quoting Nautilus)).

### III.

The central issue presented by this declaratory judgment action is now pending in state court, and, as described above, considerations of efficiency and comity suggest that it can be more appropriately decided in the state-court action. Accordingly, after considering the relevant factors, it is ORDERED that this matter be, and it hereby is, stayed pending the resolution of the parallel suit in the Circuit Court of Wood

County. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 n.2 (1995) ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: November 13, 2014

John T. Copenhaver, Jr.
United States District Judge